JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| American Orthodontics Corporation, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Orthodontic Products, Inc., a California general stock corporation,<br><br>Defendant. | Case No. 2:20−cv−04402−JAK−ASx<br><br>**ORDER RE CONSENT JUDGMENT AND PERMANENT INJUNCTION (DKT. 24)** |
|---|---|

On May 15, 2020, Plaintiff American Orthodontics Corporation ("AO") filed a Complaint seeking a permanent injunction, damages and other relief against Defendant U.S. Orthodontic Products, Inc. ("USOP"), and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendant for infringement of AO's U.S. Patent No. 10,111,731, entitled "Self-Ligating Bracket" (herein "the '731 patent") in violation of 35 U.S.C. § 271; for violations of the Lanham Act under 15 U.S.C. §

1125(a); and for violations of the California Business and Professions Code under § 17200 et seq. and § 17500 et seq.

Plaintiff and Defendant have now agreed to the entry of this Stipulated Consent Judgment and Permanent Injunction to resolve all matters in dispute between them in this action. Plaintiff and Defendant have consented to the entry of this Judgment without trial or adjudication of any issue of law or fact herein.

**NOW, THEREFORE**, Plaintiffs and Defendant having requested the Court to enter this Judgment, it is hereby ordered, adjudged, and decreed:

## STIPULATED FINDINGS OF FACT

1. This Court has jurisdiction of the subject matter of this case and over all of the parties.

2. The Complaint states claims upon which relief may be granted against the Defendants under each of the following: 35 U.S.C. § 271; 15 U.S.C. § 1125(a); and Cal. Bus. & Prof. Code § 17200 et seq. and § 17500 et seq.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

4. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of AO.

5. The parties agree that no bond will be required.

6. An injunction will not adversely affect, and is in the public interest.

7. AO manufactures and supplies orthodontic products through the world, including its EMPOWER® 2 line of self-ligating orthodontic bracket systems.

8. AO filed U.S. Provisional Patent Application No. 62/081,387 on November 18, 2014 with the United States Patent and Trademark Office ("USPTO"), and filed U.S. Patent Application No. 14/938,515 on November 11, 2015 which claims priority to U.S. Provisional Patent Application No. 62/081,387.

9. AO owns all rights, title, and interest in and to U.S. Patent No. 10,111,731, entitled "Self-Ligating Bracket" that was duly examined and issued by the USPTO on October 30, 2018 and lists Jay S. Sommer and Eric W. Nimmer as inventors (herein "the '731 patent").

10. The EMPOWER® 2 products and systems incorporate the technology disclosed and claimed in the '731 patent.

11. AO first offered for sale and sold the self-ligating orthodontic brackets and systems currently branded as EMPOWER® 2 as the "EMPOWER BX" product on May 15, 2015, and rebranded the products and systems as EMPOWER® 2 on or about March 1, 2016.

12. The '731 patent and the EMPOWER® 2 products are valuable assets of AO and represent a significant investment of research and development costs.

13. Defendant, USOP, promoted, offered for sale and sold an "inteliGate M® Metal Self-Ligating Bracket System" and an "inteliGate® Poly-Sapphire Self-Ligating Bracket System" in metal and poly-sapphire construction, respectively.

14. Defendant sells a plurality of arch wires having different cross-sectional areas that were retained within arch wire slots of the "inteliGate M® Metal Self-Ligating Bracket System" and the "inteliGate® Poly-Sapphire Self Ligating Bracket System".

15. Defendant, in advertising and promoting its "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System," used the ® symbol to convey to customers and to competitors that the words "inteliGate®" and "inteliGate M®" are in fact registered with the USPTO when "inteliGate M" and "inteliGate" are not federally registered with the USPTO.

16. Defendants, in advertising and promoting its "inteliGate M® Metal Self-Ligating Bracket System," used a visual representation that does not

accurately represent the actual "inteliGate M® Metal Self-Ligating Bracket System".

17. Defendant, U.S. Orthodontic Products, Inc., agrees to entry of this Stipulated Consent Judgment and Permanent Injunction to resolve all matters of dispute between Defendant and Plaintiff arising out of the allegations in Plaintiff's Complaint, and Defendant agrees to be bound by this Stipulated Consent Judgment and Permanent Injunction.

18. Defendant has waived all rights to seek judicial review or otherwise challenge or contest the validity of this Judgment, and further waive and release any claim Defendant may have against Plaintiff and its employees and agents, including any rights that may arise for attorneys' fees or other costs.

19. Each of the parties shall each bear its own costs and attorney's fees incurred in this action.

20. Notwithstanding the foregoing, if AO licenses the '731 patent to a third party manufacturer ("Licensed Third Party Manufacturer") to manufacture products ("Licensed Products"), nothing herein shall prevent USOP from using, importing, advertising or selling Licensed Products that USOP purchases from the Licensed Third Party Manufacturer.

**STIPULATED CONCLUSIONS OF LAW**

1. Defendant, in the course of manufacturing, importing, using, offering for sale and/or selling its "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System," and without authorization, infringed claims 1-2, 4, 6-14 and 16-21 of AO's '731 patent in violation of 35 U.S.C. § 271(a).

2. Defendant contributed to infringement of at least claims 1-2, 4, 6-14 and 16-21 of the '731 patent in violation of 35 U.S.C. § 271(c) by selling and/or offering to sell and/or importing into the United States, without license or authority, the "inteliGate M® Metal Self-Ligating Bracket System" and the

4

"inteliGate M Poly-Sapphire Self Ligating Bracket System," which practice the claims of the '731 patent.

3. Defendant actively induced infringement of at least claims 16-20 of the '731 patent in violation of 35 U.S.C. § 271(b) by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to use the "inteliGate M® Metal Self-Ligating Bracket System" and/or the "inteliGate M Poly-Sapphire Self Ligating Bracket System," which practice claims 16-20 of the '731 patent.

4. Defendant, in advertising and promoting its "inteliGate M® Metal Self-Ligating Bracket System" using a visual representation that does not accurately represent the actual "inteliGate M® Metal Self-Ligating Bracket System" sold, made a false or misleading statement of fact used in a commercial advertisement or promotion in interstate commerce in violation of 15 U.S.C. § 1125(a).

5. Defendant, in advertising and promoting its "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System" with the ® symbol made a literally false statement of fact used in a commercial advertisement or promotion in interstate commerce because "inteliGate M" and "inteliGate" are not federally registered in violation of 15 U.S.C. § 1125(a).

6. Defendant, in advertising and promoting its "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System" with the ® symbol, deceived or is likely to deceive consumers and competitors in a material way because "inteliGate M" and "inteliGate" are not federally registered in violation of 15 U.S.C. § 1125(a).

7. By marketing, advertising and/or promoting, its "inteliGate M® Metal Self-Ligating Bracket System" using a visual representation that does not accurately represent the actual "inteliGate M® Metal Self-Ligating Bracket

5

1    System" sold, Defendant engaged in unfair competition including unlawful, unfair
2    and fraudulent business practices in violation of and California Business and
3    Professions Code § 17200 et seq.
4        8.   By marketing, advertising, promoting, selling and/or otherwise
5    dealing in its "inteliGate M® Metal Self-Ligating Bracket System" and
6    "inteliGate® Poly-Sapphire Self-Ligating Bracket System" with the ® symbol
7    when "inteliGate M" and "inteliGate" are not federally registered, Defendant
8    engaged in unfair competition including unlawful, unfair and fraudulent business
9    practices in violation of and California Business and Professions Code § 17200 et
10   seq.
11       9.   By publically marketing, advertising and/or promoting, its
12   "inteliGate M® Metal Self-Ligating Bracket System" using a visual
13   representation that does not accurately represent the actual "inteliGate M® Metal
14   Self-Ligating Bracket System" sold Defendant has engaged in false advertising in
15   violation of California Business and Professions Code § 17500 et seq.
16       10.  By publically marketing, advertising, promoting, selling and/or
17   otherwise dealing in its "inteliGate M® Metal Self-Ligating Bracket System" and
18   "inteliGate® Poly-Sapphire Self-Ligating Bracket System" with the ® symbol
19   when "inteliGate M" and "inteliGate" are not federally registered, Defendant has
20   engaged in false advertising in violation of California Business and Professions
21   Code § 17500 et seq.
22       11.  As a direct and proximate result of Defendant's actions, AO has been
23   irreparably harmed, including damage to its business and reputation, and AO will
24   continue to be irreparably harmed unless and until Defendant ceases offering and
25   selling its "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate®
26   Poly-Sapphire Self-Ligating Bracket System".
27
28

12. As a direct and proximate result of Defendant's actions, AO has been damaged, and is entitled to compensatory damages, in an amount mutually agreed to between the parties.

## JUDGMENT AND ORDER

Accordingly, Judgment is hereby entered in favor of the Plaintiff, American Orthodontics Corporation, and against Defendant U.S. Orthodontic Corporation, Inc.

**IT IS THEREFORE ORDERED** that U.S. Orthodontic Corporation, Inc., its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with are **PERMANENTLY AND IMMEDIATELY ENJOINED** from directly or indirectly from the following:

A. Infringing AO's United States Patent No. 10,111,731 by manufacturing, using, offering for sale, or selling within the United States, its territories and possessions, or by importing into the United States, its territories and possessions, self-ligating brackets and self-ligating bracket systems of the designs embodied in U.S. Orthodontic Corporation, Inc.'s "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System" (the "Infringing Brackets") and any other existing or future self-ligating brackets and self-ligating bracket systems that are not more than colorably different from the Infringing Brackets, during the unexpired term of the '731 Patent;

B. Using the ® symbol in conjunction with the use of the words "inteliGate" or "inteliGate M" absent a U.S. Trademark Registration of the words "inteliGate" or "inteliGate M"; and

C. Marketing, advertising, promoting, selling and/or otherwise dealing in the misrepresented "inteliGate M® Metal Self-Ligating Bracket System" products.

**IT IS FURTHER ORDERED** that U.S. Orthodontic Corporation, Inc., its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with shall do all of the following:

    D.    Turn over to Plaintiff or destroy all Infringing Brackets, including the "inteliGate M® Metal Self-Ligating Bracket System" and "inteliGate® Poly-Sapphire Self-Ligating Bracket System";

    E.    Turn over to Plaintiff or destroy all advertising paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, clothing, advertising and other items, whether in physical, electronic, or other form, that advertise or promote the Infringing Brackets;

    F.    Turn over to Plaintiff or destroy all advertising paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, clothing, advertising and other items, whether in physical, electronic, or other form, that violate 15 U.S.C. § 1125(a) or violate the California Business and Professions Code § 17200 et seq. and § 17500 et seq.

    G.    Abide by the terms and conditions of the separately executed Confidential Settlement Agreement between the parties;

The Court retains jurisdiction over any disputes between the parties, their heirs, successors, and assigns with respect to enforcement of this Stipulated Consent Judgment and Permanent Injunction and any settlement agreement entered into between Plaintiff and Defendants regarding this litigation.

IT IS SO ORDERED.

DATED:  August 28, 2020

*[signature]*
John A. Kronstadt
United States District Judge